## JONES et. al. v. LOS ANGELES & P. RY. CO.

### No. 19,315; September 3, 1894.

#### 37 Pac. 656.

Appeal.—Though a General Demurrer to a Complaint was Overruled by consent, defendant may, on appeal from a default judgment after answer, question its sufficiency.

Forfeiture.—A Complaint for Forfeiture of a Right of Way granted on condition of the construction of the road on the line

designated, continuous operation of the road when constructed, establishment of stations at points to be designated by plaintiff, and maintenance of the road in good condition, which alleges that the stations were not established, that the road on its completion was not operated continuously or at all, and that it has long since ceased to be operated, and has not been kept in good condition, but has been allowed to become wholly out of repair, and that there has been a total failure to comply with the conditions, sufficiently states, as against a general demurrer, the completion of the road and breaches of the conditions.

APPEAL from Superior Court, Los Angeles County; J. W. McKinley, Judge.

Action by John P. Jones and others against the Los Angeles and Pacific Railway Company. Judgment for plaintiffs. Defendant appeals. Affirmed.

Wells, Monroe & Lee for appellant; Anderson & Anderson for respondents.

PER CURIAM.—This action was brought by plaintiffs to declare forfeited a certain right of way granted by them to the Los Angeles County Railroad Company, the predecessor in interest of the defendant, upon the ground that certain conditions subsequent attached to the grant had not been complied with. Defendant interposed a general demurrer to the complaint, which was overruled by consent and an answer filed. The defendant did not appear at the trial, and plaintiffs had judgment, from which defendant appeals. The only question presented is as to the sufficiency of the complaint. The demurrer being general, the fact that it was overruled by consent is immaterial. One of the conditions of the grant of the easement was the erection and construction of the road on the line designated and the operation of the road when constructed. The second condition was that the company should establish two stations on the line granted, the particular points of each of said stations to be selected by the parties of the first part (the plaintiffs herein). It is further provided in the agreement that, upon the completion of the road, it should be operated continuously and without interruption; and again, if the corporation should "at any time hereafter cease to operate said railroad, or fail or refuse to keep the same in

good order and condition, . . . . then the grant hereby made and all rights thereunder shall cease and determine.'' The complaint alleges breaches of the foregoing conditions, to the effect that said stations were not established nor the station-houses built at the places mentioned, or at any place selected by the plaintiffs herein, or at any place at all; and as to the other conditions it is alleged ''that neither the defendant nor the Los Angeles County Railroad Company, upon the completion of said railroad, operated the same continuously or without interruption, so as to accommodate the transportation of freight and passengers between the city of Los Angeles and the town of Santa Monica; but, on the contrary, said railroad has not been operated at all, . . . . and has never left or received passengers or freight in the usual manner of first-class railroad lines, or at all, at any such stations, and that the defendant has long ceased to operate said railroad, and has failed and refused to keep the same in good order and condition, but has allowed the same to become completely out of repair, and has altogether failed to comply with any of the conditions of said agreement.'' The complaint is not well drawn, but, in the absence of a special demurrer, we think it sufficient to state a cause of action. Taking its allegations together, it may be fairly construed as alleging the completion of the road; and, assuming that fact to be sufficiently stated, its remaining allegations are entirely sufficient in charging breaches of various conditions of the agreement heretofore quoted. For the foregoing reasons it is ordered that the judgment be affirmed.